O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#7

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING motion to dismiss

     Pending before the Court is Defendants Federal Home Loan Mortgage Corporation and U.S. National Bank Association's (collectively, "Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendants' motion, the Court GRANTS the motion.

I.     Background

     On March 25, 2004, Plaintiffs Mike Aspray and Grace Aspray ("Plaintiffs") purchased real property in Murrieta, California (the "Property") and financed the purchase through Defendant Sun West Mortgage Corp. *FAC*, ¶ 11, Ex. C. In June 2009, Defendant U.S. Bank, N.A., began servicing the loan. Plaintiffs were subsequently informed that they were in default on the loan. *Id*. ¶ 12.

     On October 5, 2009, Plaintiffs filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court, and a stay was thereby issued. *Id*. ¶ 13. Plaintiffs allege that during the time when the bankruptcy stay was in place, Defendants "illegally foreclosed upon Plaintiffs' home." *Id*. ¶ 14. They go on to claim that Defendants, upon learning about the bankruptcy petition stay, "apparently rescinded the foreclosure and aborted the filing of any Trustee's Deed Upon Sale that related to the illegal foreclosure." *Id*. ¶ 15.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#7**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

The FAC asserts that after this allegedly "illegal foreclosure" was rescinded, Defendants prepared a Reaffirmation Agreement, under which Plaintiffs were to pay U.S. Bank $2,007.15 per month for 294 months with the understanding that U.S. Bank would not foreclose on the home if Plaintiffs performed. *FAC* ¶¶ 16-17, Ex. C. On February 2, 2010 – two weeks after the filing deadline had passed – Plaintiffs filed the Reaffirmation Agreement with the bankruptcy court. *Id.* On March 24, 2010, the Bankruptcy Court allegedly discharged Plaintiffs' mortgage and closed the bankruptcy case. *FAC* ¶ 18, *McWhorter Decl* Ex. 2.

Plaintiffs allege that after the reaffirmation agreement was filed, they "were advised by the Defendants to wait until their bankruptcy had been fully discharged before making any monthly payments." *FAC* ¶ 17. According to the FAC, Defendants communicated that once the bankruptcy was discharged, Defendants would mail loan statements to the Plaintiffs each month, indicating the amount owed and the applicable due date. *Id.* However, as the FAC alleges, Defendants failed to send the monthly loan statements, "failed to accept the monthly payments tendered, and failed to honor the Reaffirmation Agreement which Defendants prepared and signed." *FAC* ¶ 19. Plaintiffs assert that subsequently, on July 8, 2010, Defendants "intentionally caused a second illegal foreclosure sale." *Id.* The Property was sold at a Trustee's Sale to Defendant Federal Home Loan Mortgage Corporation. *FAC* ¶ 19.

On January 27, 2011, Plaintiffs filed a First Amended Complaint ("FAC") in this action against Defendants Federal Home Loan Mortgage Corp., U.S. Bank, N.A., and Firstar Bank (collectively, "Defendants").[1] The FAC asserts claims for: (1) breach of contract; (2) violations of California Civil Code §§ 2923, 2923.5, and 2924 (conducting "illegal non-judicial foreclosures," *FAC* ¶ 23); (3) fraud; (4) "set aside a defective and illegal foreclosure and to Quiet Title by Restoring Title in Plaintiffs' Names"; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) injunctive relief; (8) declaratory relief; and (9) exemplary damages. *See* Dkt. #1-1 (Feb. 17, 2011).[2]

---

[1] Plaintiffs also named as defendants Commonwealth Title Company, Sun West Mortgage Group Inc., Paramount Residential Mortgage, and National Default Servicing Corp. However, pursuant to the parties' March 29, 2011 request, these Defendants have been dismissed without prejudice. *See Dkt*. # 17 (March 29, 2011).

[2] Although Plaintiffs' causes of action are not specifically enumerated in this manner in the title page of the First Amended Complaint, this list reflects the order in which they are presented in the pleading.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

On February 24, 2011, Defendants moved to dismiss the FAC on grounds that Plaintiffs fail to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

II.   Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, it may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider: (a) documents that are "properly submitted as part of the complaint,"; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) "matters

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.   Discussion

In bringing this motion, Defendants contend that Plaintiffs' entire pleading should be dismissed on grounds that it fails to state claims upon which relief could be granted. For the following reasons, the Court agrees.

    A.   Breach of Contract (First Cause of Action)

With respect to Plaintiffs' first claim for breach of contract, the FAC asserts that Defendant US Bank is liable for failing "to perform its part of the Reaffirmation Agreement and in participating in a second illegal foreclosure of the Plaintiffs' home." *FAC* ¶ 22. Defendants argue that this claim fails because, among other reasons, the allegedly breached Reaffirmation Agreement was void and unenforceable. *Mot.* 5:7-14. The Court agrees.

To state a breach of contract claim under California law, a plaintiff must plead: (1) the existence of a contract between the parties; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's failure to perform; and (4) resulting damages. *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (1999). In order to satisfy federal pleading standards, "a plaintiff must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim. For example, a claim on a written contract must either (1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect." *Kirbyson v. Tesero Ref. & Mktg. Co.*, 2010 U.S. Dist. LEXIS 18174, at *26 (N.D. Cal. Mar. 2, 2010).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

    Moreover, under Federal Rule of Bankruptcy Procedure 4008(a),[3] a bankruptcy Reaffirmation Agreement is only enforceable if it is filed no later than 60 days after the first date set for the meeting of the creditors under 11 U.S.C. § 341. Fed. R. Bankr. P. 4008(a); *see also In re Muniz*, 2009 Bankr. LEXIS 1697, at *2-3 (E. D. Va. June 23, 2009) (holding reaffirmation agreement was not effective where it was filed later than 60 days after the first date set for the meeting of creditors); *In re Schmidt*, 2009 Bankr. LEXIS 1430 (N.D. Ohio Apr. 16, 2009) (striking reaffirmation agreement filed after 60-day period as untimely); *In re Earnhardt*, 2010 Bankr. LEXIS 492 (M.D.N.C. Feb. 16, 2010) (same).

    Here, Defendants assert that because the first date set for the meeting of creditors was November 17, 2009, Plaintiffs were required to file a reaffirmation agreement with the Bankruptcy Court by January 16, 2010. *McWhorter Decl.*, Ex 3. Plaintiffs, however, did not file the Reaffirmation Agreement until February 2, 2010 – seventeen days after the applicable 60-day period had expired. *FAC,* Ex. C. Defendants thus conclude that, because the Reaffirmation Agreement is void and unenforceable, Plaintiffs cannot state a claim for breach of contract.

    In response, Plaintiffs assert that a bankruptcy court can, at its own discretion, extend the deadline for the filing of a reaffirmation agreement. *Opp*., 4:16-22. Even if this proposition is correct as a matter of law, it misses the mark. The FAC does not allege that the bankruptcy court *actually* extended the deadline, and, if so, whether they filed the Reaffirmation Agreement within the extended time limit. Moreover, Plaintiffs present no factual or legal support for their claim that "[c]learly, there is a presumption that the Court enlarged the time required to file the reaffirmation agreement in this case." *Opp*., 4:24-25.

    Accordingly, the Court holds that the Reaffirmation Agreement was untimely, and is therefore unenforceable. Plaintiffs' first cause of action is therefore DISMISSED without

---

[3] A Reaffirmation Agreement in a bankruptcy proceeding is also subject to the requirements of 11 U.S.C. § 524(c), which provides that: (1) the agreement must be executed before the discharge is granted; (2) the agreement must include a clear and conspicuous statement of the right to rescind; (3) the agreement must be filed with the Court; (4) the debtor must have the right to rescind; and (5) if the debtor is an individual and not represented by an attorney, the court must approve the agreement as in the debtor's best interests. 11 U.S.C. § 524(c) (Bankruptcy Code)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

prejudice.

    B.    <u>Violations of California Civil Code §§ 2923, 2923.5, and 2924 (Second Cause of Action)</u>

Plaintiffs' second cause of action is for violations of California Civil Code §§ 2923, 2923.5, and 2924, which, according to Plaintiffs, prohibit "illegal non-judicial foreclosures." *See FAC* ¶ 23. These are not cognizable claims. Section 2923 states, in full, that "[t]he lien of a mortgage is special, unless otherwise expressly agreed, and is independent of possession." Cal. Civ. Code § 2923. Similarly, Section 2924 merely sets forth the framework for conducting non-judicial foreclosures. Cal. Civ. Code § 2924.

Section 2923.5 provides that before the filing of a notice of default, a "mortgagee, beneficiary or authorized agent" must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5. It contains no language indicating an intent to create a private right of action. *Id.* As another court in this District noted, "[i]n California, 'courts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention.'" *Wiebe v. NDEX West, LLC*, No. SACV 10-325 AG, 2010 WL 2035992, * at 5 (C.D. Cal. May 17, 2010) (quoting *Dunn-Edwards Corp. v. Bay Area Air Quality Management Dist.,* 9 Cal. App. 4th 644, 658, 11 Cal. Rptr. 2d 850 (1992)).

Thus, based on the foregoing, the Court concludes that no private right of action is created by Section 2923, Section 2923.5 or Section 2924. *See Wiebe,* 2010 WL 2035992 * at 5; *accord Gaitan v. Mortgage Electronic Registration Systems,* 2009 WL 3244729, at *6-7 (C. D. Cal. Oct. 5, 2009); *Yulaeva v. Greenpoint Mortgage Funding, Inc.,* 2009 WL 2880393, at *11 (E. D. Cal. Sept.3, 2009). Plaintiffs' second cause of action is therefore DISMISSED with prejudice.

    C.    <u>Fraud (Third Cause of Action)</u>

The Court also agrees with Defendants that Plaintiffs fail to state a plausible claim for fraud. In essence, Plaintiffs raise a claim of fraud in the inducement against U.S. Bank and Freddie Mac. *FAC* ¶ 24. Specifically, their fraud claim arises from allegations that Defendants did not modify Plaintiffs' home loan as agreed upon in the Reaffirmation Agreement, made

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

misrepresentations that induced Plaintiffs not to make their required payments under the Agreement, and conducted two "illegal non-judicial foreclosures" of Plaintiffs' home. *Compl.* ¶ 16-19.

To succeed on a common law fraud claim under California law, a plaintiff must establish: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damages. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Additionally, under Rule 9(b), a claim for fraud must be stated with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud."). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a *minimum*, that the complaint allege evidentiary facts, such as the time, place, persons, and statements, and explanations as to why the statements were misleading. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiffs' allegations fail to meet the heightened standard of Rule 9(b) with respect to several of these elements. For instance, the FAC lacks any specific allegations relating to where and when the alleged misrepresentations were made, as well as who made them. On this ground alone, Plaintiffs cannot maintain their fraud claim. Accordingly, Plaintiffs' third cause of action is DISMISSED with leave to amend.

      D.    <u>Wrongful Foreclosure (Fourth Cause of Action)</u>

Plaintiffs' fourth cause of action seeks to set aside the foreclosure sale and quiet title in Plaintiffs' favor. *FAC* ¶¶ 19, 22-30; pp. 12-13 ¶ 1. This claim, too, is deficient. As Defendants point out in moving to dismiss, Plaintiffs failed to tender the full amount owed on the loan.[4]

---

[4] Defendants contend that the entire action may be dismissed for failure to allege tender. *See Arnolds Management Corp.*, 158 Cal. App. 3d at 580 (in actions seeking rescission of foreclosure sales, any cause of action "implicitly integrated" with the allegedly irregular sale fails unless valid tender has been established). However, as Plaintiffs' other causes of action are defective on an independent basis, the Court reserves judgment as to whether all of Plaintiffs' claims are "implicitly integrated" with their claim to set aside the allegedly improper foreclosure.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#7**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

*Mot.* 3:18-5:2.  California law is "settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 581, 205 Cal. Rptr. 15 (1984).

Accordingly, because the FAC fails to allege that Plaintiffs have tendered, or have offered to tender, the debt secured by the Property, they are unable to state a claim for quiet title and/or wrongful foreclosure.  *See Dooms v. Federal Home Loan Mortg. Corp.*, No. CV F 11–0352 LJO, 2011 WL 1232989, at *18 (E.D. Cal. Mar. 31, 2011) ("an action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes"); *Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N. D. Cal. 2009) ("Plaintiffs have not alleged…that they have satisfied their obligation under the Deed of Trust.  As such they have not stated claim to quiet title.").  Therefore, Plaintiffs' fourth cause of action is DISMISSED with leave to amend.

> E.  <u>Intentional and Negligent Infliction of Emotional Distress (Fifth and Sixth Causes of Action)</u>

Defendants further contend that Plaintiffs fail to state claims for intentional and negligent infliction of emotional distress.  Again, the Court agrees.

In order to state a claim for intentional infliction of emotional distress, Plaintiffs must show: (1) outrageous conduct, "so extreme as to exceed all bounds of that usually tolerated in a civilized community;" (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress; (3) severe or extreme emotional distress; and (4) that the outrageous conduct proximately caused the emotional distress.  *Symonds v. Mercury Sav. & Loan Ass'n* , 225 Cal. App. 3d 1458, 1468, 275 Cal. Rptr. 871 (1990).  Likewise, to succeed on a negligent infliction of emotional distress claim, Plaintiffs must establish: (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.  *Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004); *see also Molien v. Kaiser Foundation Hospitals*, 27 Cal. 3d  916, 922, 167 Cal. Rptr. 831 (1980).

The FAC fails to adequately allege several of these required elements.  Plaintiffs merely plead, in conclusory fashion, that "[i]n committing the acts herein alleged….the Defendants and each of them have committed intentionally inflicted emotional distress upon the Plaintiffs," *FAC*

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#7

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-299 PSG (DTBx) | Date | April 20, 2011 |
|---|---|---|---|
| Title | Mike Aspray, *et al*. v. Federal Home Loan Mortgage Corp., *et al*. | | |

¶ 26, and that "[i]n committing the acts herein alleged….the Defendants and each of them have acted negligently and negligently inflicted severe emotional distress upon the Plaintiffs." *Id.* ¶ 27. Such conclusory allegations do not suffice to meet the pleading standards of Rule 8. *See Iqbal*, 129 S. Ct. at 1950. Accordingly, Plaintiffs' fifth and sixth causes of action are DISMISSED with leave to amend.

> F. <u>Injunctive Relief, Declaratory Relief, and Exemplary Damages (Seventh, Eighth, and Ninth "Causes of Action")</u>

The remaining "causes of action" asserted by Plaintiffs are also not cognizable. First, as a technical matter, the Court notes that injunctive relief, declaratory relief, and exemplary damages are – as the names suggest – prayers for relief, not causes of action. *See McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.") (quoting *Shell Oil Co. v. Richter,* 52 Cal. App. 2d 164, 168, 125 P.2d 930 (1942)). More to the point, though, because these requests are predicated on insufficiently-pled claims, they cannot survive Defendants' motion to dismiss. Accordingly, the Court DISMISSES Plaintiffs' seventh, eighth, and ninth "claims" with leave to amend.

IV. <u>Conclusion</u>

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss. Plaintiffs have until **May 11, 2011**, to file an amended pleading in accordance with this Order. Failure to do so will result in dismissal of all claims with prejudice.

**IT IS SO ORDERED.**